UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANDRA LAKY,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No. 5:19-cv-05546-EJD<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 17 |

Before the Court is a motion to remand by Plaintiff Sandra Laky ("Laky"). Mot. to Remand, Dkt. No. 17. Laky alleges that Defendant Ford Motor Company's ("Ford") Notice of Removal failed to meet the "burden of establishing that the amount in controversy satisfied the jurisdictional threshold of $50,000" under the Magnuson-Moss Warranty Act or prove fraudulent joinder of co-defendant Ford of Escondido ("Escondido"). *Id.* at 1. Ford did not file an opposition to Laky's motion to remand. Pursuant to Civ. L.R. 7-1(b), the Court has determined that this motion is appropriate for decision without oral argument. For the reasons stated below, the Court GRANTS Plaintiff's motion to remand.

I. **BACKGROUND**

Plaintiff Sandra Laky ("Laky") is a resident of California. Complaint for Violation of Statutory Obligations ("Compl."), Dkt. No. 1-2, Ex. B ¶ 2. In June 2015, Laky purchased a 2010 Mercury Mariner vehicle ("Vehicle"), and received an express written warranty. *Id.* ¶¶ 8-9. Laky alleges the Vehicle contained or developed defects in its engine, transmission, axle seat, and clutch among other areas of the Vehicle. *Id.* ¶ 10. Plaintiff brought the Vehicle to defendant Ford of Escondido, for service and repair but they were unable to have the Vehicle repaired in accordance

Case No.: 5:19-cv-05546-EJD
ORDER GRANTING MOTION TO REMAND
1

with industry standards. *See* ¶¶ 37-41.

On July 24, 2019, Laky filed suit in Santa Clara Superior Court against Defendants setting forth seven causes of action based on the California Song-Beverly Consumer Warranty Act ("Song-Beverly"), Cal. Civ. Code §§ 1790-1795; Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*; and negligent repair. On September 3, 2019, Ford filed a notice of removal stating that this Court has federal question jurisdiction pursuant to the MMWA, supplemental jurisdiction over related state claims, and diversity jurisdiction due to the joinder. *See generally* Not. of Removal, Dkt. No. 1.

On October 14, 2020, the Court granted a joint stipulation agreed to by the parties which dismissed all of Laky's Song-Beverly Consumer Warranty Act claims. *See* Dkt. Nos. 16, 18. Thus, after the stipulation, Laky asserts two causes of action: one against Ford for violation of the MMWA, and one against Escondido for negligent repair. Compl. ¶¶ 37-54. Plaintiff seeks the following monetary relief in her amended complaint: actual damages, restitution, consequential and incidental damages, any remedies pursuant to MMWA, prejudgment interest at the legal rate, and any other such relief the Court may deem proper. *Id.* at 10. In total, Laky alleges she suffered damages "in a sum to be proven at trial in an amount that is not less than $25,001.00." *Id.* ¶ 11.

On October 13, 2020, Laky filed a motion to remand alleging that Ford has failed to meet its burden in establishing that the MMWA amount in controversy of $50,000 has been met or that co-defendant Escondido was fraudulently joined to defeat diversity of citizenship. *See* Mot. to Remand at 4.

## II.   LEGAL STANDARD

If a federal court has subject matter jurisdiction over a civil case filed in state court, the suit may be removed to federal court by the defendant. 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215

Case No.: 5:19-cv-05546-EJD
ORDER GRANTING MOTION TO REMAND
2

F.3d 1005, 1014 (9th Cir. 2000). Diversity jurisdiction exists when the suit is between "citizens of different States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests or costs." 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Limon-Gonzalez v. Kia Motors Am., Inc.*, CV 20-4381 PA (JPRX), 2020 WL 3790838, at *1 (C.D. Cal. July 7, 2020) (citing *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

For removals based on diversity jurisdiction, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The Court may look to the complaint, notice of removal, "as well as summary-judgment-type evidence relevant to the amount in controversy." *Id.* Similarly, if the defendant seeks removal based on diversity where no complete diversity exists, the defendant must prove the fraudulent joinder exception to the requirement for complete diversity. *See Hunter*, 582 F.3d at 1043 ("one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined.") (internal quotations omitted).

Fraudulently joined defendants who destroy diversity of citizenship do not defeat removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "There is a general presumption against fraudulent joinder and the defendant's burden of demonstrating that a joinder is fraudulent is a heavy one." *Beutel v. Wells Fargo Bank N.A.*, No. 18-CV-03686-LHK, 2018 WL 3084660, at *2 (N.D. Cal. June 22, 2018) (quoting *Hunter*, 582 F.3d at 1046) (internal quotations omitted). Federal courts must find the joinder proper and remand the case to the state court "if there is a possibility that a state court would find the complaint states a cause of action against any of the resident defendants." *McAdams v. Ford Motor Co.*, No. 18-CV-07485-LHK,

Case No.: 5:19-cv-05546-EJD
ORDER GRANTING MOTION TO REMAND
3

2019 WL 2378397, at *4 (N.D. Cal. June 5, 2019) (quoting *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 534, 548 (9th Cir. 2018)). Courts "may look beyond the pleadings to evidence proffered by the parties" to resolve fraudulent joinder claims. *Id.*; *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (considering "summary judgment-type evidence such as affidavits and deposition testimony").

## III. DISCUSSION

### A. Federal Question Jurisdiction 28 U.S.C. § 1331

The MMWA allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contract to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for damages and legal and equitable relief" in "any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1). Claims may not be brought in federal court if the amount in controversy "of any individual claim is less than the sum or value of $25; or . . . less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3). It follows that federal courts will have subject matter jurisdiction over Laky's claims if the total amount in controversy is greater than or equal to $50,000. *See id.*; 28 U.S.C. § 1331; 28 U.S.C. § 1367.

The MMWA does not "indicate that the amount in controversy for [the MMWA] is assessed any differently than the diversity jurisdiction requirement found in 28 U.S.C. § 1332." *Limon-Gonzalez*, 2020 WL 3790838, at *2. The amount in controversy includes actual and punitive damages. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). In the Ninth Circuit, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

Ford has not demonstrated that the amount in controversy meets the $50,000 required for federal question jurisdiction. As shown by Laky, her alleged damages of "a sum to be proven at trial in an amount that is not less than $25,001.00" are an estimate only. Compl. ¶ 11. Several

Case No.: 5:19-cv-05546-EJD
ORDER GRANTING MOTION TO REMAND
4

district courts in this Circuit have found that a plaintiff does not satisfy the amount in controversy when alleging damages using speculative language. *See, e.g., Limon-Gonzalez*, 2020 WL 3790838, at *2 (granting motion to remand and finding plaintiff's allegations of "damages in an amount that is not less than $25,001.00" too speculative) (emphasis added); *Steeg v. Ford Motor Co.*, No. 19-CV-05833-LHK, 2020 WL 2121508, at *3 (N.D. Cal. May 5, 2020) (granting motion to remand by reasoning that "Plaintiffs specif[ied] a monetary amount only once, when they allege[d] that 'Plaintiffs suffered damages . . . in an amount not less than $25,000.01.'") (citation omitted) (emphasis added); *Edwards v. Ford Motor Co.*, No. CV 16-05852 BRO (PLAX), 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (granting motion to remand where Plaintiff's complaint states that "'Plaintiff suffered damages in a sum to be proven at trial' of at least $25,000.") (citation omitted) (emphasis added). Courts have also granted a motion to remand where "[i]n the absence of any contradictory allegations in the Complaint, the Court accepts Plaintiff's explanation that the $25,001.00 figure represents the combined total of actual damages and civil penalties." *Feichtmann v. FCA US LLC*, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at *3 (N.D. Cal. June 18, 2020). This Court finds Laky's alleged damages are speculative because the amended complaint references damages only once, uses ambiguous language, and only claims a total amount not less than $ 25,001. *See* Compl. ¶ 11 ("Plaintiff suffered damages in a sum to be proven at trial in an amount that is *not less than* $25,001.00") (emphasis added).

Second, Laky no longer seeks civil penalties following the stipulated dismissal of her Song-Beverly Act claims. *See* Dkt. No. 18. This Court has found "where a plaintiff expressly alleges potential entitlement to the maximum civil penalty under the Song Beverly Act . . . the amount in controversy requirement likely will be satisfied." *Pestarino v. Ford Motor Co.*, No. 19-cv-07890-BLF, 2020 WL 1904590, at *3 (N.D. Cal. Apr. 17, 2020). In *Pestarino*, the Court found a higher $75,000 amount in controversy requirement to be satisfied solely on alleging actual damages exceeding $25,000, a two times civil penalty, and attorneys' fees. *Id.* Laky's case can be distinguished because Plaintiff no longer asserts a claim under the Song-Beverly Act. This raises additional doubt as to whether Laky alleges damages that would meet the $50,000 jurisdictional

Case No.: 5:19-cv-05546-EJD
ORDER GRANTING MOTION TO REMAND
5

requirement.

Lastly, Ford does not challenge Laky's amount in controversy. Ford did not file an opposition to the motion to remand. As a result, Ford does not address the amount in controversy after the stipulated dismissal of Laky's Song-Beverly Act claims. Ford's assertion that "the amount in controversy in fact exceeds $50,000" and the "Complaint on its face seeks recovery of more than $75,000" relies on Laky's prior claims of civil penalties and attorneys' fees. Not. of Removal ¶ 21. This Court finds Ford's claim regarding the amount in controversy inadequate to satisfy the MMWA's $50,000 amount in controversy requirement.

### B. Diversity Jurisdiction 28 U.S.C. § 1332

Since the Court could not conclusively establish that Laky's claim satisfies the MMWA's $50,000 amount in controversy requirement, Defendants necessarily cannot prove by a preponderance of the evidence that the amount in controversy is over $75,000 to satisfy the requirement for diversity jurisdiction. Accordingly, Ford's assertion of diversity jurisdiction by fraudulent joinder does not need to be addressed.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand. Accordingly, the Court REMANDS this case. The Clerk of the Court shall remand this action to the Superior Court of California for the County of Santa Clara and close the file.

**IT IS SO ORDERED.**

Dated: January 26, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-05546-EJD
ORDER GRANTING MOTION TO REMAND

6